IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **GEORGE ARTHUR HARRELSON, JR.** | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 7:11-CV-112-O-BL |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Referred to U.S. Magistrate Judge |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

George Arthur Harrelson, Jr., a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

Harrelson was convicted for the offense of felon in possession of a firearm on 22 February 2007. He file a notice of appeal on 16 March 2007. Thereafter, Harrelson filed the instant petition on 1 September 2011.

II.

In his petition, Harrelson contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; and (3) he was denied the right to appeal.

By order dated 23 December 2011, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Petitioner addressed the limitations issue in his reply reply filed on 3 January 2012. The court now determines that this case is time-barred and should be summarily dismissed.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). Generally, the limitations period runs from the date on which the judgment of conviction becomes final. *Id.* Where the Petitioner does not file a petition for writ of certiorari in the United States Supreme Court, the judgment becomes final 90–days after appellate review is concluded. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). The one-year limitations period is only subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

Harrelson was convicted on 22 February 2007 and timely filed an appeal. His appeal was dismissed on 1 July 2009, and he did not seek certiorari in the United States Supreme Court; thus, his conviction became final 90–days later on 29 September 2009. Accordingly, the one year limitation period for filing a federal petition expired on 29 September 2010. Harrelson's federal writ application is nearly one year late.

Harrelson has not alleged any facts that could support a finding that equitable tolling applies. Generally, to establish entitlement to equitable tolling a petitioner bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2009). Harrelson has not demonstrated that he was diligent or that any extraordinary circumstance prevented him from timely filing. In his reply, Harrelson argues that his ignorance of the law and ineffective assistance of counsel are to

blame for his untimely filing. However, "a petitioner's own ignorance or mistake does not warrant equitable tolling," and "[i]neffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Consequently, Harrelson is not entitled to equitable tolling.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, Harrelson's motion to correct, vacate, or set aside his sentences should be dismissed. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(l); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: 14 June 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE